a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JULIO ACOSTA DE VARGAS,<br>Petitioner | CIVIL DOCKET NO. 1:20-CV-247-P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Julio Acosta De Vargas ("De Vargas") (#79399-053). De Vargas is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. De Acosta seeks a downward departure from his sentence.

Because De Vargas's claim does not arise under the § 2241 and does not meet the requirements of the savings clause of 28 U.S.C. § 2255, his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. Background

While serving a state sentence in North Carolina, De Vargas was temporarily transferred to the custody of the United States Marshal Service for arraignment on federal charges. ECF No. 1-3 at 10. On May 9, 2012, while in borrowed federal custody, De Vargas's state sentence concluded, and he was completely released from the North Carolina authorities to federal authorities. *Id.*

On December 12, 2018, De Vargas was sentenced in the United States District Court for the Eastern District of New York to a 180-month term of imprisonment for firearm related murder. *See id.* The sentencing court ordered the sentence to run "concurrently with the undischarged term of imprisonment pursuant to § 5G1.3(c)." *United States v. De Vargas*, 1:08-CR-00115, E.D.N.Y., ECF No. 566. De Vargas appealed the sentence, and the appeal is currently pending in the United States Court of Appeals for the Second Circuit. *United States v. De Vargas*, Docket No. 19-322, 2nd Cir.

De Vargas filed administrative grievances with the BOP seeking additional credit toward his federal sentence. ECF No. 1-3 at 2-12. The BOP denied his request at all levels, noting that De Vargas received pre-sentence credit from the day after he completed his North Carolina sentence, May 10, 2012, through the date before his federal sentence was imposed, December 11, 2018. Any time prior to May 10, 2012 was credited toward De Vargas's state sentence, and could not be credited toward the federal sentence under 18 U.S.C. § 3585. *See id.* at 10. The BOP also noted that, although the judgment ordered the federal sentence to run concurrent with the "undischarged term of imprisonment pursuant to § 5G1.3(c)" of the Federal Sentencing Guidelines, this was not possible since the state term of imprisonment had already been completed at the time of the federal sentencing. *See id.*

In his § 2241 Petition (ECF No. 1), De Vargas seeks a downward departure for a discharged term of imprisonment under § 5K2.23 of the United States Sentencing

Guidelines since his state term of imprisonment had already been completed at the time of the federal sentencing. ECF No. 1 at 6.

## II. Law and Analysis

A federal prisoner may collaterally challenge his sentence under either §§ 2241 or 2255, which are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition is generally used to challenge the manner in which his sentence is being executed. *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion is used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)).

De Vargas does not allege error in the BOP's decision, and he does not challenge the manner in which his sentence is being executed. Rather, he alleges an error that occurred at sentencing and seeks a downward departure from that sentence. Therefore, De Vargas's claim must be raised in his pending appeal or in the sentencing court under § 2255. *See Perez v. United States*, 3:05-CR-0264, 2013 WL 460077, at *1 (N.D. Tex. Jan. 11, 2013), *report and recommendation adopted*, 2013 WL 462349 (N.D. Tex. Feb. 6, 2013) (claim that petitioner was entitled to a downward departure at sentencing arises under § 2255).

However, a collateral attack may not be pursued until the conviction and sentence are final. *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) (a

criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal); *United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n. 1 (5th Cir. 1991) (district court correctly dismissed collateral attack on conviction pending the outcome of defendant's direct appeal).  Since De Vargas's appeal is still pending, he cannot yet collaterally attack his sentence.

Although Section 2255 contains a "savings clause" provision, which allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention" 28 U.S.C. § 2255(e), De Vargas cannot show that § 2255 is inadequate because he can still file a § 2255 petition once his conviction becomes final.

### III.  Conclusion

Because De Vargas's claim does not arise under § 2241 and he cannot meet the requirements of the savings clause of § 2255(e), the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of De Vargas's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond

---

[1] *Pack*, 218 F.3d at 454 ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 27th day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE